[S. F. Nos. 1155 and 1156.    In Bank.—April 30, 1901.]

## CHARLES L. FAIR, Respondent, v. JAMES S. ANGUS et al., Appellants.

ACTION TO DETERMINE ADVERSE CLAIM—INVALID TRUSTS UNDER WILL—CASE AFFIRMED. — The decision in the *Matter of the Estate of Fair, Deceased, ante,* p. 523, to the effect that the trusts in relation to real property under the will of James G. Fair, deceased, were invalid and void, affirmed, and applied as decisive of an action by an heir of the deceased to determine an adverse claim of the trustees and beneficiaries under said will to certain real estate.

APPEALS from judgments of the Superior Court of the City and County of San Francisco and from orders denying a new trial.    Charles W. Slack, Judge.

One of the appeals was taken by the trustees appointed under the will of James G. Fair, deceased, and the other was taken in behalf of Herman Oelrichs, Jr., and other minors, claiming as beneficiaries, by Van R. Paterson, guardian *ad litem.*    Further facts are stated in the opinion of the court.

Pierson & Mitchell, William M. Pierson, Robert Y. Hayne, and Garret W. McEnerney, for Executors and Trustees, Appellants.

Van R. Paterson, Rodgers & Paterson, and James L. Robinson, for Herman Oelrichs, Jr., and other Minors, Appellants.

Knight & Heggerty, Garber, Boalt & Bishop, John Garber, Charles S. Wheeler, Wilson & Wilson, William F. Herrin, and H. L. Gear, for Charles L. Fair, Respondent.

Lloyd & Wood, for Theresa A. Oelrichs and Virginia Fair, Respondents.

GAROUTTE, J.—The appeals in this case are taken in an action brought by Charles L. Fair prior to the admission of the will of James G. Fair to probate, against Angus, Crothers, and Goodfellow individually, and as trustees named in the will, to determine an adverse claim by them to the Lick House property, in San Francisco. Plaintiff made his sisters defendants, under an allegation that he could not obtain their consent to join him as plaintiff. An amended complaint was filed, making as additional defendants the then living infant beneficiaries referred to in the will of James G. Fair. The cause was not brought on for trial until after the admission of the will for probate, and at the trial it was shown that the testator died seised of the property, and that the plaintiff and his two sisters are his heirs at law; that his will was admitted to probate on the 16th of November, 1896, and letters testamentary issued to the defendants Angus, Crothers, and Goodfellow. The court found that the plaintiff and his sisters are the owners in fee-simple absolute of the property described in the complaint; that the defendants Angus, Crothers, and Goodfellow have no right or interest therein, either as trustees under said will, or otherwise, and that said minor defendants, or either of them, have no interest therein. Judgment was rendered accordingly. The two appeals in this case are taken by certain of defendants.

In view of the decision this day rendered in *Estate of Fair*, *ante*, p. 523, wherein it is held that the estate passed to the heirs by succession, by reason of the invalidity of Fair's will, we find no practical reason presenting itself why the appeals in this case should be considered *in extenso* upon the various

matters presented by counsel in their briefs. The decision in *Estate of Fair* is to the effect that neither the trustees nor the beneficiaries take any estate by Fair's will. This being so, the judgments rendered in these causes and the orders denying the motions for a new trial should be affirmed, and it is so ordered.

McFarland, J., Van Dyke, J., and Henshaw, J., concurred.

Harrison, J., Temple, J., and Beatty, C. J., dissented.

Rehearing denied.